STATE of Utah, Plaintiff and Appellee,

v.

Jeffery L. TAYSOM, Defendant and Appellant.

No. 930552.

Supreme Court of Utah.

Dec. 1, 1994.

Jan Graham, Atty. Gen., Joanne C. Slotnik, Asst. Atty. Gen., Salt Lake City, for plaintiff.

Charles F. Loyd, Salt Lake City, for defendant.

ZIMMERMAN, Chief Justice:

Jeffery L. Taysom appeals his 1992 jury conviction for misdemeanor child abuse [1] and the subsequent entry of a final judgment of conviction and imposition of sentence by a court commissioner. Taysom attacks section 78-3-31(6) of the Code, which empowers court commissioners, upon consent of the defendant, to conduct misdemeanor trials, impose sentence, and enter final judgments of conviction. According to Taysom, this provision delegates "the judicial power of the state of Utah" to nonjudges in violation of article VIII, section 1 of the Utah Constitution. The Utah Court of Appeals certified Taysom's appeal to this court pursuant to rule 43 of the Utah Rules of Appellate Procedure.

Although I continue to adhere to the view that section 78-3-31(6) is constitutional, *Salt Lake City v. Ohms,* 881 P.2d 844, 863 (Utah 1994) (Durham, J., & Zimmerman, C.J., dissenting), a majority of the permanent members of this court have concluded otherwise.[2] *Id.* at 855. Accordingly, on the basis of *Ohms,*[3] we vacate Taysom's conviction and

---

1. Child abuse, as defined in Utah Code Ann. § 76-5-109(2)(c), is a class A misdemeanor.

2. We note that the circumstances surrounding our decision today are somewhat unusual. This case was argued after the retirement of former Chief Justice Hall and before Justice Russon was confirmed by the Utah Senate. Judge Greenwood of the Utah Court of Appeals sat to fill the vacancy on the court. After Justice Russon's confirmation, the court heard arguments in *Salt Lake City v. Ohms,* 881 P.2d 844 (Utah 1994). Although three members of the *Taysom* panel—myself, Justice Durham, and Judge Greenwood—would vote to uphold section 76-3-31(6) of the Utah Code, the decision to the contrary reached by three permanent members of this court in *Ohms* controls.

3. In *Ohms,* 881 P.2d at 853–55, a majority of this court validated the past actions of commissioners

under the "de facto judge" doctrine. Under this theory, the actions of a de facto judge are valid unless a party objects to the "judge's" exercise of power at trial. *State ex rel. Smith v. Starke Circuit Court,* 275 Ind. 483, 417 N.E.2d 1115, 1124 (1981). Under a strict reading of the de facto authority doctrine, the defendant in *Ohms* would not benefit from the rule of law set out in that case because he never objected to the authority of the commissioner at trial. *See id.* Nevertheless, this court held that "it would be unconscionable to deprive Ohms, who has sustained the burden of attacking an unconstitutional statute, of the fruits of victory." *Ohms,* 881 P.2d at 854–55. The majority relied heavily on our decision in *Labrum v. Utah State Board of Pardons,* 870 P.2d 902, 914 (Utah 1993), in reaching this result. In *Labrum,* this court held

**514**

remand his case to the circuit court for a new trial.

HOWE and DURHAM, JJ., concur.

GREENWOOD, Judge, concurring:

I concur, but write to clarify my basis for doing so. I am in agreement with the analysis contained in the dissenting opinion of Justice Durham and Chief Justice Zimmerman in *Salt Lake City v. Ohms*, 881 P.2d 844, 855 (Utah 1994), regarding the constitutionality of section 78-3-31(6) of the Utah Code. So long as Utah's judicial branch has control over judicial functions thus exclusively controlling "judicial power," I believe the constitution is satisfied. In addition, in my view the result arrived at by the majority in *Ohms* is unwarranted by either constitutional provisions or relevant case law.

Furthermore, given the ever-expanding case load in Utah's courts, the commissioner system provides needed flexibility to manage our dockets efficiently and effectively within the jurisdiction and authority of the judiciary. Absent the *Ohms* majority opinion, I would conclude that the statute is constitutional and affirm Taysom's conviction. I therefore concur reluctantly in the majority opinion in this case.

STEWART, Associate Chief Justice, concurring in the result:

I concur in the result for the reasons stated in the majority opinion in *Salt Lake City v. Ohms*, 881 P.2d 844 (Utah 1994).

PAMELA T. GREENWOOD, Court of Appeals Judge, sat to fill the vacancy on the court.

---

that inmates have a due process right to review information the parole board will consider during an original parole grant hearing. *Id.* In considering the issue of whether the rule should apply retroactively, this court held that

considerations of judicial integrity require us to extend the benefit of our decision to petitioner *and to any inmate who currently has a claim pending in the district court or on appeal before this court or the court of appeals ....*

*Id.* (emphasis added). Because the *Ohms* majority relied heavily on *Labrum* in concluding that Ohms should not be denied the benefit of his victory, we conclude that the retroactivity rule set out in *Labrum* applies here. Thus, because Taysom's claim was pending before this court at the time we decided *Ohms*, we conclude that Taysom should not be denied the benefits of that decision. *See id.*